THE ONTARIO BANK, RESPONDENT, *v.* WILLIAM HAN-
LON, APPELLANT.

*Variance between bills of lading—the terms of the one given to the shipper control.*

APPEAL from a judgment in favor of the plaintiff, entered upon the trial of this action by the court, without a jury.

The plaintiff had a cargo of grain at Oswego, on the way from Toronto to New York city. The defendant received the grain at Oswego, and carried it in his canal boat to New York. This action is one of replevin for the cargo, the defendant having refused to deliver it to the plaintiff. The dispute came from variance between the two bills of lading. The one bill, delivered by Frost & Co., claiming to be defendant's brokers, to Randell & Co., plaintiff's agents at Oswego, gave to the plaintiff a right to hold the cargo in defendant's boat at $2 a day after thirty days, but failed to put a limit to the time the cargo might be so held. The second bill, given by Frost & Co. to defendant, and kept by him, limited the time of holding to April 1. The cargo was in defendant's boat on April 20. On that day plaintiff tendered defendant $204, an amount in excess of the sum due under its bill, and demanded discharge of the cargo. The defendant claimed, under the bill kept by him, that the contract terminated April 1, and that thenceforth ordinary demurrage at two and one-half per cent. per day on the freight should be paid.

The court, at General Term, said: "The contract between ship and shipper is contained in the bill delivered to the shipper. If the bill kept by the captain differ, the shipper's bill prevails and the captain's must fall. (*The Thames*, 14 Wall., 98.)

"There is this further element at bar. Frost & Co. were defendant's agents. He paid them. They contracted with plaintiff's agents that defendant should carry plaintiff's grain, and prepared two bills of lading, and gave one to plaintiff's agents and the other to defendant. It stands as if defendant knew of both bills. If so, he is bound by the bill given plaintiff, and estopped from asserting the other. On March 25 everything was paid, save $100 of freight, which was to be retained until full discharge. According to our theory the captain was entitled to $2 a day for holding, and $54 was due April 20. The tender was of $204. Thereupon plaintiff was entitled to its grain, and its right of action was perfect."

Judgment affirmed, with costs.

*Alvan T. Payne*, for the appellant.

*E. T. Wood*, for the respondent.

Opinion by DYKMAN, J.; BARNARD, P. J., and GILBERT, J., concurred.

Judgment affirmed, with costs.